IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RASHAD EADY,                 *

     Petitioner          *

         v              *       Civil Action No. DKC-15-2470

THE STATE OF MARYLAND, and  *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND        *

     Respondents      *
                 ***

## MEMORANDUM OPINON

On August 20, 2015, Rashad Eady, filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his conviction entered in the Circuit Court for Baltimore County. ECF No. 1.[1] Respondents filed an answer arguing that the petition must be dismissed as Petitioner failed to exhaust his state court remedies. ECF No. 4. Petitioner was directed to provide evidence that his claims had been properly exhausted (ECF No. 5) and was advised that failure to respond could result in the dismissal of the petition without further notice. *Id.* Petitioner was also advised of the one year statute of limitations for federal habeas petitions and that dismissal of this petition could result in any future petitions being filed outside the applicable statute of limitations. *Id.* Petitioner did not reply.

The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2016). For reasons that follow, the petition will be dismissed without prejudice for lack of exhaustion and a Certificate of Appealability will not issue.

---

[1] Citation is to the court's electronic docket.

On April 26, 2013, Petitioner was found guilty, along with Stephen Eaton, of kidnapping, armed robbery, armed carjacking, first degree assault, theft, and the illegal use of a firearm by a jury sitting in the Circuit Court for Baltimore County. ECF No. 4-1, p. 3. He was sentenced on September 4, 2013, to a total term of confinement of 95 years. *Id*., pp. 3-10. Petitioner, along with his codefendant, noted a timely appeal (*id*., p. 12) raising the following claims:

> 1. Did the trial court err in denying Appellants' motions for severance of the charges?
>
> 2. Did the trial court err in admitting lay opinion evidence that the wearing of gloves prevents an individual from leaving fingerprints?
>
> 3. Did the trial court err or abuse its discretion in admitting evidence that the lead detective had "met with" Appellants, and in denying a resulting motion for mistrial?
>
> 4. Did the trial court err at sentencing in considering charges which did not result in conviction?
>
> 5. Was the evidence legally insufficient to sustain the convictions with respect to Mr. Faidley [one of the victims]?

ECF No. 4-2, p. 7.

Petitioner's appeal was denied on February 4, 2015. ECF No. 4-4; ECF No. 4-1, p. 13. Petitioner filed a self- represented petition for writ of certiorari raising solely the issue of trial court error in regard to the denial of the motion for severance of the charges. ECF No. 4-5. The Court of Appeals denied Petitioner's request for further review on May 27, 2015. *Id*., p. 9. Petitioner's judgment became final for direct appeal purposes on August 25, 2015, when the time for seeking review in the Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition for

writ of certiorari to be filed within 90 days of judgment from which appeal is sought). Petitioner has not sought post-conviction relief.[2] ECF No. 4-1; ECF No. 1, p. 3.

Here, Petitioner claims that his constitutional rights were violated because the State filed a criminal information in his case rather than an indictment and no grand jury proceedings were held. ECF No. 1-3. Petitioner also alleges that his appellate counsel erred in failing to raise this claim on direct appeal. ECF No. 1, p. 6.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits

---

[2]    Review of the Maryland Judiciary Case Search shows that to date Petitioner has not instituted state post-conviction proceedings. *See* http://casesearch.courts.state.md.us (last visited October 4, 2017).

of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 438 A. 2d, 1301, 1305 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

Petitioner has not begun, much less completed, post-conviction review. *See* ECF No. 1. Under Maryland law, ineffective assistance of counsel claims generally are required to be raised in post-conviction proceedings, not on direct appeal. *Colvin v. State*, 472 A.2d 953, 965 (1984). It is evident that neither of the claims presented here have been presented to any state court. The petition will be dismissed without prejudice as unexhausted.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davi*s, 137 S. Ct. 759, 773 (February 22, 2017).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner fails to meet this standard and a Certificate of Appealability shall not issue. [3]

October 4, 2017                                    _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge

---

[3] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting one from the Court of Appeals.